**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| NAVDEEP SINGH, | Civil Action No.  26-7820 (RK) |
| Petitioner, | |
| v. | ORDER |
| MARKWAYNE MULLIN, et al., | |
| Respondents. | |

Petitioner Navdeep Singh has filed a Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his detention by Immigration and Customs Enforcement ("ICE") on June 20, 2026, after he missed a check-in appointment.  For the reasons explained in this Memorandum and Order, the Court finds that pre-answer habeas relief is warranted subject to Respondents' opportunity to file an expedited answer instead if they contend that Petitioner's case is legally or factually distinguishable from this Court's prior decisions.  The Motion for a Temporary Restraining Order ("TRO Motion") at ECF No. 2 shall be administratively terminated in light of the relief provided on the underlying Petition.

Petitioner, a citizen of India, allegedly entered the United States on or about February 13, 2024, was issued a Notice to Appear, and was released from custody with reporting requirements.[1]  (ECF No. 1, Petition at ¶¶ 35-43.)  Petitioner allegedly has no criminal history but missed a check-in appointment after misplacing the notice and/or due to his confusion about whether he had to report in addition to appearing at his immigration proceedings.  (*Id.*)  After

---

[1] It is unclear whether he was released on recognizance under 8 U.S.C. § 1226(a) or on parole under 8 U.S.C. § 1182(d)(5)(A).

receiving a second notice, he reported to ICE on June 20, 2026, and was detained.  (*Id.*)  He is currently detained at Delaney Hall within this District.  (*Id.*)

Among other arguments, Petitioner contends that he is unlawfully detained under § 1225 and is entitled to a bond hearing or release under § 1226(a).  This Court has held that similarly situated noncitizens are entitled to bond hearings under 8 U.S.C. § 1226(a).  *See Correa v. Delaney Hall*, No. 26-4876, 2026 WL 1803202, at *3 (D.N.J. Jun. 23, 2026) (finding that a petitioner who was paroled into the country under 8 U.S.C. § 1182(d)(5)(A) and detained years later was entitled to a bond hearing under § 1226(a)); *see also Mejia v. Cabezas*, No. 25-CV-17094, 2025 WL 3294405, at *2 (D.N.J. Nov. 14, 2025) (holding that noncitizens who entered the United States without inspection and were later arrested in the interior of the United States could only be detained under 8 U.S.C. § 1226(a).  Here, it is not clear whether Petitioner was released on recognizance under § 1226(a) or paroled under § 1182(d)(5)(A), but the Court has previously held that both categories of noncitizens are entitled to a bond hearing if arrested in the interior of the United States years after they were released or paroled.  Therefore, the Court finds that pre-answer habeas relief is warranted subject to Respondents' opportunity to file an expedited answer instead if they contend that the case is legally or factually distinguishable.

**IT IS**, on this  8th  day of July 2026,

**ORDERED** that in accordance with 8 U.S.C. § 1226(a), within 7 days of the date of entry of this Text Order, Respondents shall provide Petitioner with an individualized bond hearing before an immigration judge who shall assess whether he presents a flight risk or a danger to the community, pursuant to 8 C.F.R. § 236.1(c)(8), (d)(1); and it is further

**ORDERED** that Petitioner shall have reasonable notice of the bond hearing, an opportunity to prepare, and be permitted to reschedule the hearing outside the seven-day period, if necessary, without seeking this Court's intervention; and it is further

**ORDERED** that within three (3) days of that bond hearing, Respondents shall file a written notice of the outcome of that hearing with this Court and request to close this matter; and it is further

**ORDERED** that, **ALTERNATIVELY**, if Respondents contend that this case is factually or legally distinguishable from this Court's prior decisions, they shall file an expedited answer within five (5) days of the date of entry of this Text Order; Petitioner may submit a reply within three (3) days of his receipt of the same; and it is further

**ORDERED** that the Text Order at ECF No. 3, which stays Petitioner's transfer from New Jersey, shall **REMAIN IN EFFECT** until this matter concludes; and it is further

**ORDERED** that the TRO Motion at ECF No. 2, shall be **ADMINISTRATIVELY TERMINATED** in light of the relief provided.

_____
ROBERT KIRSCH
United States District Judge